7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy T. RYAN, Jr., Plaintiff-Appellant,
v.
450 OGDEN RESTAURANT, INCORPORATED, James Kanelopoulos,
individually and as agent, City of Naperville, a
municipal corporation and body politic,
et al., Defendants-Appellees.
 No. 92-2356.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 24, 1993.*
Decided Sept. 27, 1993.
 
 1
 Before BAUER, Chief Judge, and POSNER, and FLAUM. Circuit Judges.
 
 ORDER
 
 2
 Timothy Ryan appeals only the district court's post-judgment order denying his motion to file an amended complaint in his civil rights action. He claims that Rule 15(a) of the Federal Rules of Civil Procedure permits him to file an amended complaint without leave of court. He is wrong.
 
 
 3
 Once a district court enters judgment, a plaintiff may amend the complaint under Rule 15(a) solely with leave of court and only after the judgment has been set aside or vacated pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Paganis v. Blonstein, No. 92-3092, slip op. at 11 (7th Cir. August 24, 1993).
 
 
 4
 The district court dismissed Ryan's civil rights action for failure to state a cause of action and entered judgment on March 30, 1992. On April 6, 1992, Ryan filed a motion for leave to amend. He did not file a Rule 59(e) or Rule 60(b) motion. As such, the district court lacked the authority to review the motion to amend. Id. at 13 ("A motion for leave to amend filed without a Rule 59(e) or 60(b) motion is insufficient to confer jurisdiction."). Ryan's motion was a nullity and the district court properly refused to grant it.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)